Olaf Peter JUDA, Plaintiff–Appellant,

v.

Raymond ANDREWS; et al., Defendants–Appellees.

No. 02–15705.

D.C. No. CV–00–07146–DLB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Olaf Peter Juda, a federal prisoner, appeals pro se the district court's judgment dismissing his *Bivens* action alleging due process and Eighth Amendment violations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal. *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001). We affirm.

The district court properly dismissed Juda's action because he conceded in his First Amended Complaint that he failed to exhaust his administrative remedies. *See*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see also Wyatt v. Terhune,* 305 F.3d 1033, 1045–46 (9th Cir.2002) (recognizing that dismissal may be proper where plaintiff concedes the failure to exhaust).

To the extent Juda contends that he did exhaust administrative remedies as to his due process claim for the loss of two pairs of trousers, the dismissal of this claim is affirmed because Juda cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *see Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir.1994) (explaining that California law provides an adequate post-deprivation remedy for any property deprivation).

Juda's remaining contentions are rejected as unpersuasive.

AFFIRMED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.